In the Matter of Kenneth A. STEELE and Diana L. Steele, Debtors.

Michael E. KEPLER, Trustee, Plaintiff,

v.

Kenneth C. STEELE, Doris A. Steele, and Bank of Sun Prairie, Defendants.

Adv. No. 82–0038.

United States Bankruptcy Court, W.D. Wisconsin.

May 9, 1983.

Robert Brill, Aulik & Brill, S.C., Sun Prairie, Wis., for defendant Bank of Sun Prairie.

Michael Kepler, Paskin & Kepler, Madison, Wis., for plaintiff.

ROBERT D. MARTIN, Bankruptcy Judge.

In this adversary proceeding the court is asked to determine priority between two parties each claiming a first mortgage interest in the debtors' property. Debtors Kenneth A. and Diana L. Steele took title to the subject property in October of 1978. Although the debtors were the titleholders of record, the parties intended that the title be held merely as a "straw man" for Kenneth C. Steele, Kenneth A. Steele's father, who paid the consideration of $72,000 for the property. At the time of the purchase in 1978, debtor gave his father a promissory note for $72,000 and signed a written promise to convey the property at his father's request. The promise to convey was not recorded until September 15, 1981.

Since sometime prior to the 1978 purchase of the subject property the debtors had a line of credit with the Bank of Sun Prairie (hereinafter "Bank"). In July of 1980 the Bank discovered that it was under-collateralized by approximately $50,000 and required that the debtors improve the Bank's position. As part of the restructuring of the Bank's loan, the debtors gave the Bank a note for $212,000 secured by a "second mortgage" on three parcels of property: a 30 acre farm in Columbia County, a house in Dodge County, and the subject property. The Farmers and Merchants Union Bank had a first mortgage on the farm and the house. On the basis of the debtor's statements the Bank reasonably believed that PCA had a first mortgage on the subject property, although there was actually no such mortgage.

The debtors, their attorney and a representative of the Bank were present in the office of debtors' attorney on July 19, 1980 when the Bank's mortgage was signed. The debtors' attorney had drafted the mortgage and had inserted the following statements on the mortgage form:

This mortgage is subordinated to any and all presently existing mortgages covering the properties and successor first mortgages.

and,

This is a second mortgage on each of the properties, and is subordinate to existing first mortgages and successor first mortgages.

The mortgage was recorded in the Dodge County Register of Deeds on July 24, 1980.

On September 15, 1981, 44 days before debtors filed bankruptcy, a two-page document ("the father's mortgage") was recorded in the Dodge County Register of Deeds. The first page includes the debtor's October 1978 signed promissory note and promise to convey to his father. The second page contains only the statement "[t]his mortgage refers to the following described land," a legal description of the subject property and a notarization. No signatures appear on the second page.

This court has previously granted the trustee summary judgment on his complaint under 11 U.S.C. §§ 544(a)(3) and 547(b) to avoid the interest claimed by debtor's father. *In Re Steele*, 27 B.R. 474 (Bkrtcy.W.D.Wis.1983). The present dispute is between the trustee standing in the father's position pursuant to 11 U.S.C. § 551, and the Bank.

The Bank asserts that the father's mortgage on which the trustee relies fails to satisfy the formal requisites of a conveyance set forth in Wis.Stat. § 706.02(1)[1].

---

1. Wis.Stat. § 706.02(1).

Transactions under s. 706.01(1) shall not be valid unless evidenced by a conveyance which:

(a) Identifies the parties; and

(b) Identifies the land; and

(c) Identifies the interest conveyed, and any material term, condition, reservation, exception or contingency upon which the interest

is to arise, continue or be extinguished, limited or encumbered; and

(d) Is signed by or on behalf of each of the grantors; and

(e) Is signed by or on behalf of all parties, if a lease or contract to convey; and

(f) Is signed, or joined in by separate conveyance, by or on behalf of each spouse, if the conveyance alienates any interest of a mar-

The trustee, on the other hand contends that any deficiencies may be remedied under Wis.Stat. § 706.02(2)[2] and this court's equitable powers. The sufficiency of the father's mortgage need not be determined. The Wisconsin recording act disposes of the case without regard to formal sufficiency of the document which is relied upon to give the purported notice of an interest in property.

Wis.Stat. § 706.08(1)(a) provides:

Every conveyance (except patents issued by the United States or this state, or by the proper officers of either) which is not recorded as provided by law shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate or any portion thereof whose conveyance shall first be duly recorded.

There is no dispute that when the Bank took its mortgage in 1980, the father's interest was unrecorded. Therefore, pursuant to the Wisconsin recording act, Wis. Stat. § 706.08(1)(a), the Bank has priority, unless it was not a bona fide purchaser. There is no contention that the father gave notice by possession. The sole issue is whether the Bank had actual notice of an interest claimed by debtor's father. The trustee as grantee by an unrecorded conveyance has the burden of showing that the Bank had notice of the father's interest. *See Gratz v. Land & River Improvement Co.,* 82 F. 381, 386 (7th Cir.1897).

Conflicting evidence was presented at trial on the question of the Bank's actual notice. The debtor testified that the Bank, through its ongoing financial dealings with the debtors, knew of the arrangement. The Bank denied such knowledge and produced financial statements from the debtors which do not disclose any mortgage to the debtor's father. The same financial statements show only a mortgage on the subject property to the Production Credit Association. However, no such mortgage ever existed.

Debtor Diana Steele testified that she told the Bank's representative of her father-in-law's interest at the signing of the Bank's mortgage. Her testimony indicated that her reference to her father-in-law's interest was oblique at best. The Bank's representative denied that any disclosure of the father's claimed mortgage interest was made.

Finally, the trustee argues that the mortgage itself, with its two subordination clauses is evidence that the Bank had knowledge. The debtors' attorney testified that she intended the clauses to subordinate the Bank to the mortgages held by Farmers and Merchants Union Bank and to protect the father's interest. She could not recall however, whether she or either of the debtors disclosed the father's interest at the signing. The Bank's representative testified that he did no title search and did not read the mortgage, relying instead on the representations of the debtors and their attorney. He believed that the Bank was in second position on each of the three parcels, and specifically that the Bank was subordi-

---

ried person in a homestead under s. 706.01(7) except conveyances between spouses, but on a purchase money mortgage pledging that property as security only the purchaser need sign the mortgage; and

(g) Is delivered. Except under s. 706.09, a conveyance delivered upon a parol limitation or condition shall be subject thereto only if the issue arises in an action or proceeding commenced within 5 years following the date of such conditional delivery; however, when death or survival of a grantor is made such a limiting or conditioning circumstance, the conveyance shall be subject thereto only if the issue arises in an action or proceeding commenced within such 5-year period and commenced prior to such death.

2. Wis.Stat. § 706.02(2).

A conveyance may satisfy any of the foregoing requirements of this section:
(a) By specific reference, in a writing signed as required, to extrinsic writings in existence when the conveyance is executed; or
(b) By physical annexation of several writings to one another, with the mutual consent of the parties; or
(c) By several writings which show expressly on their faces that they refer to the same transaction, and which the parties have mutually acknowledged by conduct or agreement as evidences of the transaction.

nated on the subject property to what had previously been reported to him by the debtors as being a PCA mortgage.

Upon the foregoing evidence I cannot find that the Bank had actual knowledge of any interest claimed by debtor's father. The more reasonable conclusion is that the debtors concealed the father's interest, not out of a desire to defraud the Bank, but to preserve for the father the anonymity they perceived necessary under the "straw man" tax scheme. I therefore find that the Bank qualifies as a bona fide purchaser under the Wisconsin recording act and its mortgage has priority over the previously unrecorded interest claimed by the trustee in this adversary proceeding. Judgment may be entered accordingly.